UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ESTATE OF | ) | CASE NO. 1:08 CV 2444 |
| JACQUELINE BARKSDALE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Christopher S. Barksdale filed the above-captioned civil rights action on behalf of the Estate of Jacqueline Barksdale Williams, against Cuyahoga County, Ohio, Deutche Bank Trust Company America, Sara Petersmann, Lerner, Sampson & Rothfuss, LPA, and Cuyahoga County Court of Common Pleas Judge Kathleen Sutula. In the complaint, plaintiff asserts that he is "seeking a *de facto* appeal in district court of an earlier state decision *Deutsche Bank Trust Co. v. Barksdale Williams, 171 Ohio App. 3d 230, 2007-1838, 870 N.D. 232...* ." (Compl. at 2.)(italics in original). He seeks a declaration that the judgment entered in Cuyahoga County Common Pleas Court Case No. CV-547780, the sheriff's sale, and decree of confirmation are void and enjoined from execution. He also requests monetary damages, and an award of court costs.

Mr. Barksdale filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**Background**

Deutsche Bank was the holder of a promissory note executed by the plaintiff's mother, Jacqueline Barksdale Williams, and her husband Perry Williams, Jr.[1] A mortgage, secured by the real property located at 3451 East 149th Street, Cleveland, Ohio 44120, was filed for record on May 23, 2001. Sometime thereafter, the mortgage fell into default.

Jacqueline Barksdale Williams died on February 27, 2004. An Estate was not opened, however, until two years later in April 2006. Deutsche Bank filed a foreclosure action in the Cuyahoga County Court of Common Pleas against Ms. Barksdale Williams, Mr. Williams and the unknown Heirs, Devisees, Legatees, Executors, Administrators, Spouses and Assigns of Jacqueline Barksdale Williams on November 17, 2004. *See Deutsche Bank Trust Co. Americas v. Williams*, Case No. CV 04 547780 (Cuyahoga County Ct. Com. Pl. filed Nov. 17, 2004)(Compl. Ex. A-1). No answer to the complaint was filed. A Motion for Default Judgment was filed on April 29, 2005. The court scheduled the matter for hearing on January 26, 2006. Judgment was awarded to Deutsche Bank against Ms. Barksdale Williams and Mr. Williams on March 2, 2006. The foreclosure sale was set for June 5, 2006.

On April 21, 2006, Christopher Barksdale filed an application for authority to administer the Estate of Jacqueline Williams in the Cuyahoga County Probate Court. *See Estate of Williams*, Case No. 2006 EST 0112945. Prior to authority being granted to proceed with the administration, Christopher Barksdale filed a motion for relief from the foreclosure judgment against his mother on May 12, 2006. The trial court denied the motion and Mr. Barksdale appealed that decision to the Ohio Eighth District Court of Appeals. The Eighth District Court of Appeals upheld

---

[1] The Assignment of Mortgage attached to the complaint indicates that Jacqueline Barksdale Williams and Perry Williams, Jr. are husband and wife.

the judgment of the foreclosure action on April 19, 2007. Specifically, the court found that Mr. Barksdale lacked standing to file the Motion for Relief from Judgment and the Appeal on behalf of his mother. A motion to confirm the sale of the property was filed by Deutsche Bank on May 30, 2007.

Approximately one month after the Eighth District Court of Appeals dismissed Mr. Barksdale's appeal, he filed an action against Cuyahoga County and Deutsche Bank in this court challenging the foreclosure action. *See Barksdale v. Cuyahoga County*, Case No. 1:07 CV 1490 (N.D. Ohio filed May 22, 2007)(Boyko, J.) He claimed that the decisions of the Cuyahoga County Court of Common Pleas and the Eighth District Court of Appeals violated United States Constitution Article One Section One. He further claimed that Deutsche subjected him to a deprivation of rights secured by the Constitution by filing and pursuing the foreclosure action and the courts rendered decisions against him based on his race. Finally, Mr. Barksdale included claims for intentional infliction of emotional distress. United States District Judge Christopher Boyko addressed the merits of Mr. Barksdale's claims and dismissed the action on August 10, 2007.

Mr. Barksdale has now filed the within action based on the same facts. He includes similar legal arguments, but now seeks to present claims on behalf of the Estate of Jacqueline Barksdale Williams. He includes causes of action for theft, in violation of Ohio Revised Code §2913.02(A)(1) and 18 U.S.C. § 1341, fraud in violation of Ohio Revised Code §2913 and 18 U.S.C. § 1957(a), unlawful eviction in violation of Ohio Revised Code §5321.15, and denial of due process in violation of the Fourteenth Amendment.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Barksdale cannot proceed *pro se* on behalf of the estate of his mother if the estate has other beneficiaries or creditors.  *Id.*  Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause *pro se* means to appear for one's self a person may not appear on another person's behalf in the other's cause.") There is no suggestion in the pleading that Mr. Barksdale is the only beneficiary of the estate.  It does appear, however, that the estate has creditors, including one of the defendants, Deutsche Bank.  Because Mr. Barksdale is not an attorney, he cannot file an action on behalf of the Estate of Jacqueline Barksdale Williams.

Moreover, even if this matter were properly filed by Mr. Barksdale, it would be dismissed.  This complaint represents plaintiff's second attempt to bring this matter before the court.  The first case, *Barksdale v. Cuyahoga County*, Case No. 1:07 CV 1490 (N.D. Ohio filed May 22, 2007)(Boyko, J.), was dismissed with prejudice on August 10, 2007.  The doctrine of *res judicata*

---

[2]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a second time.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed with prejudice pursuant to 28 U.S.C. §1915(e). Further, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]    IT IS SO ORDERED.

   s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated: January 5, 2009

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.